NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2272
_____

MAYRON DANILO
CASTELLANOS-GONZALEZ,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
BIA-1 No. A206-313-957
Immigration Judge:  John P. Ellington
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 21, 2021

Before: SMITH, *Chief Judge*, MATEY, and FISHER, *Circuit Judges*

(Filed: June 22, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Chief Judge*.

Mayron Castellanos-Gonzalez seeks review of a Board of Immigration Appeals (BIA) decision affirming the Immigration Judge's (IJ) denial of withholding of removal. For the reasons that follow, we will deny the petition for review.

I.

The Government initiated removal proceedings against Castellanos-Gonzalez in July 2014. He applied for withholding of removal and protection under the Convention Against Torture (CAT).

At his hearing before the IJ, Castellanos-Gonzalez testified that he grew up in San Pedro Sula, Honduras. In 2006, members of the MS-13 gang attempted to recruit him. He refused because he is an evangelical Christian and gang membership is against his religion. In response, the gang members threatened to kill him. After giving him a week to reconsider joining, the same gang members shot him. Castellanos-Gonzalez suffered serious injuries. He did not report the attack to the police, and no one was arrested for the shooting.

After recovering, Castellanos-Gonzalez left for another town, Puerto Cortes, about two and a half hours away by bus from San Pedro Sula. He lived in Puerto Cortes without incident for seven years, although he went back and forth to San Pedro Sula because his wife and family remained there. In 2013, while leaving

2

San Pedro Sula on a bus to return to Puerto Cortes, Castellanos-Gonzalez had another violent encounter with armed gang members. Again, he did not report the incident to the police. He left for the United States thereafter but was soon deported. Castellanos-Gonzalez re-entered the United States in July 2014.

The IJ found Castellanos-Gonzalez credible and concluded that the harm he experienced rose to the level of persecution. But the IJ denied withholding of removal because Castellanos-Gonzalez failed to show that the harm was "on account of" his religion.[1] On appeal, the BIA determined there was no clear error in the IJ's finding. The BIA also declined to remand the matter to the IJ to consider whether Castellanos-Gonzalez was harmed on account of membership in a particular social group (PSG).

Castellanos-Gonzalez timely filed this petition for review.[2]

## II.

To qualify for withholding of removal, Castellanos-Gonzalez needed to "establish a 'clear probability of persecution,' i.e., that it is more likely than not,

---

[1] The IJ also denied CAT relief. Because Castellanos-Gonzalez did not contest that denial before the BIA or in his petition for review, we need not consider the CAT claim further.

[2] We have jurisdiction to review the BIA's final order of removal. *Shehu v. Att'y Gen.*, 482 F.3d 652, 656 (3d Cir. 2007); 8 U.S.C. §1252(a). Although we review the BIA's opinion, we also consider the IJ's opinion "where the BIA has substantially relied on that opinion." *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009). Here, the BIA "adopt[ed] and affirm[ed]" the IJ's decision, JA 17, so we consider both.

that [he] would suffer persecution upon returning home." *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011) (citing *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)); 8 U.S.C. § 1231(b)(3).  He was required to show that the past persecution was "on account of" a protected ground—in his case, religion or membership in a PSG.  *See Valdiviezo-Galdamez*, 663 F.3d at 591.  In other words, he needed to establish a nexus between the persecution and the protected ground. *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 129 (3d Cir. 2009).

### III.

Castellanos-Gonzalez contends that the BIA and IJ erred by not crediting his position that religion was one central reason for his persecution at the hands of MS-13 gang members.  Castellanos-Gonzalez bore the burden of proof on that issue.[3]  *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015) ("[T]he applicant bears the burden of proving that one central reason for the persecution was a protected characteristic.").  Where the agency determines that a petitioner failed to establish past persecution on account of a protected characteristic (*i.e.*, failed to prove nexus), we review the determination for substantial evidence.  *Id.* at

---

[3] To be a central reason, "it must be an essential or principal reason"—if the characteristic played only a tangential, incidental, or superficial role, it will not qualify.  *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015).  While there may be more than one central reason, the protected characteristic must be a but-for cause of the persecution.  *Thayalan v. Att'y Gen.*, --- F.3d ---, 2021 WL 1847752, at *7 (3d Cir. May 10, 2021).

4

686; *Ndayshimiye*, 557 F.3d at 131. To obtain relief, Castellanos-Gonzalez must demonstrate that he presented evidence so compelling that no reasonable factfinder could fail to find that the nexus element was satisfied. *Thayalan*, --- F.3d ---, 2021 WL 1847752, at *8.

Substantial evidence supports the IJ's finding, upheld by the BIA, that religion was not one central reason for Castellanos-Gonzalez's persecution, and that the gang members instead were motivated by Castellanos-Gonzalez's "build, character, and to obtain money in furtherance of their criminal enterprises." JA 18**; *see also* JA 12**. Castellanos-Gonzalez testified that the gang targeted him because they were trying to "grow the gang." AR 149. When asked why the gang took an interest in him, he responded, "[b]ecause of . . . the way I am, the way I look, my build." AR 150. He also testified that "I attracted them because they wanted me to join the gang, and that's the problem that I still have." AR 173. Moreover, when Castellanos-Gonzalez was asked whether he had ever encountered any issues practicing his religion, he responded, "no." AR 149.

Although Castellanos-Gonzalez testified that "they asked me to join the gang, and I told them, no, because . . . I'm Christian," AR 149; *see also* AR 150–51, this evidence is not so compelling that no reasonable factfinder could fail to find that he established a nexus between the gang's actions and his religion. *Thayalan*, --- F.3d ---, 2021 WL 1847752, at *8. Because there is substantial

5

evidence that the gang was persecuting Castellanos-Gonzalez for money and as a potential recruit, but not on account of his faith, we will uphold the agency's determination that religion was not one central reason for the persecution. *See Gonzalez-Posadas*, 781 F.3d at 687 (upholding the agency's decision based on substantial evidence that the persecution was not on account of sexual orientation, although "other interpretations of the record are certainly possible").

IV.

Castellanos-Gonzalez also claims that the BIA erred by not considering his membership in a PSG of "young religious Honduran attempted gang recruits." Pet'r. Br. 16. The BIA declined to consider his claim because he did not present this PSG to the IJ in the first instance. Castellanos-Gonzalez takes issue with this, arguing that he presented this PSG both during his hearing and on his I-589 application.

The record does not support Castellanos-Gonzalez's position. Before the IJ, he relied on religion as a central reason for his persecution and did not articulate a "young religious Honduran attempted gang recruits" PSG. Although his I-589 application includes a checked box claiming membership in a PSG, he did not enumerate a specific PSG. Before the IJ, Castellanos-Gonzalez bore the burden to specify the "exact delineation" of any PSG. *Matter of W-Y-C- & H-O-B-*, 27 I. &

N. Dec. 189, 191 (BIA 2018). Because he did not do so, the BIA did not err by declining to address the PSG claim.

V.

For the foregoing reasons, the petition for review will be denied.